IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. PRAHBJOT UPPAL, <br><br> Plaintiff, <br><br> vs. <br><br> ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE <br><br> Defendant. | Case No. 15-cv-3806 <br><br> Judge Ronald A. Guzman |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Rosalind Franklin University of Medicine and Science (the "University"), submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint, in its entirety, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff's Complaint alleges that on August 25, 2008 the University made its final decision to refuse to "to grant [Plaintiff] access to the American Medical Association's Electronic Residency Application Service and Application Data Tracking System ("ERAS/ADTS") necessary to apply for post-graduate residency programs" which "is tantamount to refusing to provide [Plaintiff] her medical degree despite completing all requirements necessary to earn her medical degree." (Doc. 1, Complaint ("Compl."), ¶¶ 5 and 10; Ex. 1). On April 30, 2015, Plaintiff filed a three count complaint against the University. Count I alleges breach of oral contract for failure to provide a token which enables doctor applicants to access the ERAS/ADTS system; Count II alleges unjust enrichment for the same failure to provide a token; and Count III seeks injunctive relief as a remedy for the University's

alleged breach of oral contract and unjust enrichment. As set forth below, Counts I and II of the Complaint are barred by the five year statute of limitations for breach of oral contract and unjust enrichment claims and should be dismissed. Count I is also barred by the statute of frauds which requires contracts not to be performed within one year to be in writing and signed by the party being charged. Additionally, Count III should be dismissed as time-barred because injunctive relief requires a likelihood that Plaintiff would prevail on the merits of Counts I and II which are barred by the statute of limitations.

## FACTS RELEVANT TO MOTION

The University is an "Illinois non-for-profit corporation" which operates "a university offering medical and healthcare education" at its facilities in North Chicago, Illinois. (Compl. ¶ 2). In 2000, Plaintiff was accepted into the One-Year Masters in Applied Physiology program at Finch University of Health Sciences[1] and received her M.S. in Applied Physiology in 2001. (*Id.* ¶ 6). Plaintiff then enrolled in the University's Four-Year Doctorate of Medicine program. *Id.* In 2006, Plaintiff "completed all courses and requirements necessary to graduate from the University and earn her medical degree and the opportunity to apply for residency programs." (*Id.* at ¶ 7).

To apply for a medical residency, a "doctor applicant must request, and receive, a token which enables the doctor applicant to apply for residency programs through" the ERAS/ADTS. (Compl. ¶ 8). A doctor applicant must make a request for a token through the On-line Applicant Status and Information System ("OASIS"). (*Id*). Each year the doctor applicant applies for a residency program, the doctor must receive a new token through OASIS. (*Id*).

According to Plaintiff, the University provided Plaintiff with the necessary token in 2006 and 2007 which allowed "her to apply for residency programs through" the ERAS/ADTS. (*Id.* at

---

[1] Prior to 2004, the University was known as Finch University of Health Services.

¶ 10). Plaintiff alleges that, in 2008, the University "wrongly refused to provide [Plaintiff] a token despite her many requests." (*Id*). Specifically, Plaintiff alleges that the University, in 2008, refused to issue her any more tokens and that on August 25, 2008, Plaintiff was "told by [the University] that [the University had] made its decision and it [would] not be revisited." (*Id.* at ¶ 10 and Ex. 1).

Pursuant to the Complaint, the date Plaintiff alleges she became aware of the University's decision to not provide any more tokens or assist her in the ERAS process is August 25, 2008, the date when she received the letter from the University that is alleged to constitute the University's final determination not to issue any more tokens. (*Id.* at ¶ 10 and Ex. 1). Now, more than six years and eight months after learning of the University's alleged breach, Plaintiff filed this lawsuit on April 30, 2015 seeking relief for the University's alleged decisions to refuse to provide Plaintiff further tokens.

As shown below, this lawsuit is barred by the relevant statute of limitations for these claims, 735 ILCS 5/13-205 (five years for breach of oral contract) and *Mann v. Thomas Place, L.P.*, 976 N.E.2d 554, 557 (Ill. App. Ct. 2012) (five years for unjust enrichment). Plaintiff's breach of oral contract claim is also barred by the statute of frauds. Accordingly, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

## LEGAL ARGUMENT

### A. Legal Standard.

When evaluating a Rule 12(b)(6) motion to dismiss based on a time bar, a court must take "all well-pleaded allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Independent Trust Corp. v. Stewart Infor. Services Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The Supreme Court also

instructs courts to examine whether the allegations in the complaint state a "plausible" claim for relief. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A statute of limitations provides an affirmative defense which "need not be anticipated by the complaint in order to survive a motion to dismiss." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958-959 (N.D. Ill. 2013) *aff'd sub nom. Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645 (7th Cir. 2014) (quoting *Independent Trust Corp.*, 665 F.3d at 935). However, when a plaintiff's complaint establishes all of the elements of an affirmative defense "and plainly reveals that an action is untimely, dismissal under Rule 12(b)(6) is appropriate." *Id.* at 959 (citing *Independent Trust Corp.*, 665 F.3d at 935; *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir.2010) (citations omitted) ("[I]f it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading.")). When reviewing a Rule 12(b)(6) dismissal of state law claims based on a statute of limitations under diversity jurisdiction, federal courts apply state law regarding the statute of limitations. *Id.* (citing *Independent Trust Corp.*, 665 F.3d at 935).

Because Plaintiff's Complaint sets out all of the elements of the affirmative defense of statute of limitations, the Complaint should be dismissed in its entirety, with prejudice.

**B.     Counts I and II are Barred by the Relevant Statute of Limitations.**

Plaintiff alleges that an oral agreement was formed in which "[b]y attending [the University], [Plaintiff] agreed to make all necessary tuition payments and accompanied costs to [the University] and [ ] further agreed to complete the program curriculum necessary…to earn her medical degree and, in turn, a token." (Compl. ¶ 17). In exchange for Plaintiff's "payment of her tuition and all other necessary costs to [the University]," Plaintiff alleges that the University "agreed to provide [Plaintiff] with her medical degree and a token upon completion of the program curriculum." (*Id.*) Taking Plaintiff's allegations as true for purposes of this motion, an

4

oral contract between Plaintiff and the University was formed as the alleged agreement was never put into writing. Clearly, these allegations demonstrate that an alleged oral contract was formed and was to be performed in Illinois; therefore, Illinois law governs this diversity action. *See Zlotnick v. MacArthur*, 550 F. Supp. 371, 373 (N.D. Ill. 1982) (Federal courts in a diversity action "must follow the conflict-of-law rules prevailing in the state in which it sits," and "[u]nder traditional Illinois conflict of law principles, the validity, construction and obligation of a contract are determined by the law of the place where it was made and performed.").

The statute of limitations for an oral contract is five years. *See* 735 ILCS 5/13-205. Accordingly, Plaintiff was required to bring her claim for breach of oral contract against the University within five years of the University's alleged breach, August 25, 2013. *Harrell v. Bower Motors, Inc.*, 2003 WL 22159026, at *2 (N.D. Ill. Sept. 17, 2003) (citing *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1135 (Ill. 1995) (finding that the statute of limitations period for breach of contract actions "accrues at the time of the breach of contract, not when a party sustains damages")).

Here, Plaintiff affirmatively states that the University "took the ultimate action by unilaterally refusing to issue a token since 2008 without any hearing" and that on August 25, 2008, Plaintiff was "told by [the University] that [the University had] made its decision and it [would] not be revisited." (Compl. ¶ 10 and Ex. 1). Therefore, on the face of the Complaint, Plaintiff became aware of the University's alleged breach of deciding not to provide any more tokens and not assisting her in the ERAS process no later than August 25, 2008, the date she received the letter from the University attached as Exhibit 1 to the Complaint. (*Id*). Pursuant to Illinois' statute of limitations for oral contracts, Plaintiff was required to bring her claim no later than August 25, 2013.

5

The statute of limitations for unjust enrichment is also five years. *See* 735 ILCS 5/13-205; *Mann*, 976 N.E.2d at 557. The statute of limitations period for unjust enrichment claims accrues on the date when the injury could have been discovered through appropriate diligence. *See Burns Philip Food, Inc. v. Cavalea Continental Freight, Inc.*, 135 F.3d 526, 528 (7th Cir. 1998). For the reasons stated above, Plaintiff knew of the University's alleged unequivocal and final refusal to provide any more tokens or assist her in the ERAS process no later than August 25, 2008.

Plaintiff's Complaint, which was filed on April 30, 2015, is time-barred and should be dismissed.

**C.     Count I is also Barred by the Statute of Frauds.**

Even if the Court found that Plaintiff's claim was not barred by the statute of limitations, Plaintiff's claim that the University was required under the alleged oral agreement to provide a token to Plaintiff, Plaintiff's claim is barred by the statute of frauds. Specifically, Illinois' statute of frauds provides that:

> No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

*Czerska v. United Airlines, Inc.*, 292 F.Supp.2d 1102, 1118-19 (N.D. Ill. 2003) (quoting 740 ILCS 80/1). In *Czerka*, Plaintiff claimed that she entered into an oral contract with her employer "to allow her to reside in Europe *permanently,* and that [her employer] breached this contract when it 'forced' Plaintiff to return to the United States." *Id.* at 1118. The court granted summary judgment for the employer and found that Plaintiff's claim for breach of oral contract failed for not satisfying the statute of frauds because it could not be performed within one year. *Id.* at 1119.

6

Here, Plaintiff claims that in exchange for Plaintiff's promise to pay tuition and complete the necessary four-year Doctorate of Medicine Program beginning in 2001, the University was required to provide a token to Plaintiff after obtaining her degree by completing the four-year medical program. (Compl. ¶¶ 6-7 and 17). Plaintiff paid tuition and completed her required courses between 2001 and 2006 and received a token in 2006 and 2007. (*Id.* at ¶¶ 7, 10 and 14). Thus, on its face, the alleged oral agreement between Plaintiff and the University could not be performed within one year. Under Illinois' statute of frauds, this agreement was required to be in writing and signed by the party to be charged. *See* 740 ILCS 80/1. Because it was not, Plaintiff's claim for breach of contract fails.

D.   **Count III is Also Barred by the Relevant Statute of Limitations.**

Plaintiff's final count is for injunctive relief for the University's "refusal to provide a token [which] is precluding [Plaintiff] from utilizing her education and working in her chosen career field [and which] is causing irreparable harm to [Plaintiff]." (Compl. ¶ 32). Essentially, Plaintiff alleges that she "is likely to prevail on the merits of her claim," and thus, seeks an order requiring the University to provide a token to Plaintiff and compensate her for her damages. (*Id.* at 32). Plaintiff's claim for injunctive relief is essentially the remedy for her underlying claims of breach of oral contract and unjust enrichment, and thus, is also time-barred for the reasons stated above. *See Armstrong v. Guigler*, 673 N.E.2d 290, 293 (Ill. 1996) (Under Illinois law, "[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action.").

## CONCLUSION

In its Complaint, Plaintiff admits that she was aware on April 25, 2008 of the University's final decision to refuse to issue any more tokens and that its decision would "not be revisited." Plaintiff's claim for breach of oral contract and unjust enrichment brought more than

7

six years and eight months after this date are barred by the relevant Illinois statute of limitations, 735 ILCS 5/13-205 and *Mann,* 976 N.E.2d at 557. Additionally, because the alleged agreement to provide a token could not be performed within one year, Plaintiff's breach of contract claim is barred by the statute of frauds. Finally, Plaintiff's count for injunctive relief, which is based on the underlying breach of contract and unjust enrichment claims, is also time-barred.

For all the foregoing reasons, Defendant, Rosalind Franklin University of Medicine and Science, respectfully requests that the Court grant its motion and enter an order dismissing Plaintiff Dr. Prahbjot Uppal's Complaint in its entirety with prejudice.

Dated: May 20, 2015

Respectfully submitted,

**ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE**

By: /s/ William M. McErlean
One of its Attorneys

William M. McErlean (3122871)
Ryan M. McLaughlin (6311220)
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606-2833
Phone: (312) 357-1313
Fax: (312) 759-5646
william.mcerlean@btlaw.com
ryan.mclaughlin@btlaw.com

*Attorneys for Defendant Rosalind Franklin University of Medicine and Science*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 20, 2015 a copy of the foregoing **Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint** was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                          /s/ William M. McErlean
                          William M. McErlean