# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PRAHBJOT UPPAL, ) | |
| ) | |
| Plaintiff, ) | No. 15-cv-03806 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| ROSALIND FRANKLIN UNIVERSITY ) | |
| OF MEDICINE AND SCIENCE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [14] is granted. Civil case terminated.

## STATEMENT

Plaintiff Prahbjot Uppal ("Plaintiff") filed suit against Rosalind Franklin University of Medicine and Science ("Defendant") on April 30, 2015, alleging breach of contract related to Defendant's failure to assist Plaintiff in applying for medical residency programs. (Compl., Dkt. # 1.) Plaintiff filed an amended complaint on June 9, 2015, adding claims for breach of fiduciary duty. (First Am. Compl., Dkt. # 12.) This case is before the Court on Defendant's motion to dismiss the complaint for failure to state a claim. (Mot. Dismiss, Dkt. # 14.)

## Background

Defendant is an Illinois corporation that operates a university specializing in medical and healthcare education. (First Am. Compl., Dkt. # 12, ¶ 2.) Plaintiff enrolled in the university in

2000 and successfully completed her coursework, graduating in 2005 and passing her licensing examinations in 2006. (*Id.*, ¶¶ 6, 10.) In total, Plaintiff paid approximately $250,000.00 in tuition and related costs associated with her medical training. (*Id.*, ¶ 16.)

Medical school graduates are not required to apply to residency programs immediately after graduating and can postpone their residency training indefinitely; however, graduates must complete residency training before they are able to practice as physicians. (*Id.*, ¶ 8.) In order to apply for post-graduate residency programs, graduates must request and receive a "token" from their medical school allowing them to apply to programs electronically via the Electronic Residency Application Service ("ERAS"). (*Id.*) Tokens are valid for only one year, and a new token must therefore be issued in each year during which a graduate wishes to apply for residencies. (*Id.*) The Association of American Medical Colleges, of which Defendant is a member, publishes a "MyERAS User Guide" explaining how to apply to residencies using the ERAS system. (*Id.*, ¶ 9.) This guide lists responsibilities of medical schools in the process, which include establishing policies for processing the documents of residency applicants and supporting applicants in the application process. (*Id.*)

From Plaintiff's graduation date in 2005 through 2007, Defendant provided a token to her allowing her to apply to residency programs. (*Id.*, ¶ 12.) In 2008, however, Defendant informed Plaintiff by letter that it would no longer sponsor her applications and has continued to refuse to provide a token every subsequent year when Plaintiff has requested one. (*Id.*) Defendant made this decision unilaterally and did not provide Plaintiff a hearing, leaving her unable to apply to residency programs and therefore unable to practice medicine despite her degree. (*Id.*, ¶¶ 13-14.)

Plaintiff's complaint also includes a number of allegations of unclear relevance to her breach of contract and breach of fiduciary duty claims, including: that she was "harassed and

victimized" in unspecified ways by Defendant's staff and staff of Lutheran General Hospital from 2005 to the present (*Id*., ¶ 20); that in the fall of 2006 Defendant barred Plaintiff from participating in alumni events without explanation (*Id*., ¶ 22); that Defendant switched hospital affiliations in 2004 from Mt. Sinai Hospital to Lutheran General Hospital (*Id*., ¶¶ 22-23); that Defendant filled senior faculty and administrative positions with Lutheran General Hospital staff (*Id*., ¶ 26); and that in 2013 Defendant's information technology staff "victimized [Plaintiff] through a series of computer crimes" in response to her annual requests for a token (*Id*., ¶ 27).

Plaintiff brings this suit on the theory that Defendant's refusal to issue her a token breaches the school's fiduciary duty to assist medical graduates with the residency application process,[1] thereby preventing her from accessing her academic credentials in Defendant's care and keeping her from pursuing a career as a doctor. (*Id*., ¶¶ 32-33.) Defendant moves to dismiss the complaint on the grounds that it owes no fiduciary duty to Plaintiff and that even if such duty exists, Plaintiff's claims are time-barred.

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. To state a claim, a complaint need only contain a short and plaint statement showing that the plaintiff is entitled to relief. *See EEOC v. Concentra Health Servs., Inc*., 496 F.3d 773, 776 (7th Cir. 2007). In ruling on a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See*

---

[1] The First Amended Complaint also includes a count of breach of contract. (First Am. Compl., Dkt. # 12, ¶¶ 38-47.) In her response to the motion to dismiss, however, Plaintiff states that she withdraws the second count of the complaint. (Pl.s' Resp. Mot. Dismiss, Dkt. # 29 at 1 n.1.) Accordingly, Plaintiff's only surviving claims are her breach of fiduciary duty claim and her claim for injunctive relief founded on breach of fiduciary duty.

*Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). A complaint may survive a motion to dismiss under Rule 12(b)(6) if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis in original).

While the statute of limitations is an affirmative defense and a plaintiff need not affirmatively plead timeliness, dismissal is appropriate where it is clear from the face of the complaint that it is "hopelessly time-barred." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009); s*ee also U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.2d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense").

**Discussion**

It is unnecessary to decide the question of whether Defendant owed Plaintiff a fiduciary duty in connection with the medical residency application program, because Plaintiff's claims are time-barred even assuming such a duty exists.

Under Illinois law, claims for breach of fiduciary duty are actions "not otherwise provided for" and are therefore subject to the "residual" five-year statute of limitations period specified in 735 ILCS 5/13-205. *See Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d

1332, 1337 (7th Cir. 1992) (applying five-year limitations period because "[a] breach of fiduciary duty claim is an action 'not otherwise provided for' in the Illinois statutes of limitations."); *Armstrong v. Guigler*, 673 N.E.2d 290, 296 (Ill. 1996) (holding that because "a fiduciary relationship is an amalgamation of various aspects of legal jurisprudence… only the five-year statute of limitations for all civil actions not otherwise provided for is truly consonant with the distinctive characteristics of this cause of action."). The limitations period for such claims is "measured from the accrual of the cause of action." *Clark v. Robert W. Baird Co.*, 142 F. Supp. 2d 1065, 1074-75 (N.D. Ill. 2001). Accrual occurs – and the limitations period therefore begins to run – when "the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Knox Coll. v. Celotex Corp.*, 430 N.E.2d 976, 980-81 (Ill. 1981).

Here, Plaintiff's breach of fiduciary duty claim could have accrued no later than August 25, 2008. Plaintiff's complaint relates that in 2008, Defendant "took the ultimate action by unilaterally refusing to issue a token since 2008 without any hearing, locking [Plaintiff] out from continuing her profession." (First Am. Compl., Dkt. # 12, ¶ 12.) Plaintiff attaches to her complaint a copy of this letter, which is dated August 25, 2008, and states that Defendant would no longer "sponsor [Plaintiff] for [her] ERAS application process." (First Am. Compl. Ex. B., Dkt. # 12-2.) On its face, this letter does not limit the refusal to 2008 alone; it makes clear that Defendant intends to withhold a token from the date of the letter on. This total repudiation of any obligation Defendant had with regard to Plaintiff's residency application certainly sufficed to put a reasonable person on inquiry notice concerning the injury of which Plaintiff complains.

As such, Plaintiff's complaint establishes on its face that her claims are hopelessly time-barred. Given the applicable five-year statute of limitations, Plaintiff was required to bring her

claim by August of 2013 and instead waited until April of 2015 to file suit. In response to the statute of limitations problem, Plaintiff argues that Defendant's continued refusal to provide her with a token despite yearly requests constitutes a continuing violation. Under Illinois law, "where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 190 (Ill. 2002). In Plaintiff's view, her annual requests for a token "reset" the statute of limitations because Defendant's refusal to issue the tokens constitutes a continuing breach of fiduciary duty that renders her action timely.

The problem with Plaintiff's argument is that the continuing violation rule is not applicable to her claim as a matter of Illinois law. The rule applies to *tort* claims, and has no application to causes of action sounding in other bodies of substantive law – including contract. *See In re marchFIRST Inc.*, 589 F.3d 901, 904-05 (7th Cir. 2009) ("Unlike tort claims involving an ongoing or continuing series of acts in which the limitations period does not run until the date when tortious acts cease, where the tort claims arise out of contract, the limitations period begins at the time of the breach or when the plaintiff reasonably should be aware of its injury and its wrongful cause.") (internal citations omitted). Breach of fiduciary duty is not a tort in Illinois, and is generally governed by the law of contract and agency. *See Kinzer on Behalf of City of Chi. v. City of Chi.*, 539 N.E.2d 1216, 1220 (Ill. 1989) ("This court…has regarded breach of fiduciary duty as controlled by the substantive laws of agency, contract, and equity.") (internal citations omitted).

For this reason, courts have consistently rebuffed efforts by plaintiffs to apply Illinois' continuing violations rule to breach of fiduciary duty claims, as Plaintiff seeks to do here. *See, e.g.*, *Hassebrock v. Ceja Corp.*, 29 N.E.3d 412, 421 (Ill. App. Ct. 2015) (affirming dismissal of

breach of fiduciary duty claim on statute of limitations grounds, because trial court "rightfully rejected the plaintiff's suggestion that his 'continuing injury' renders any statute-of-limitations argument irrelevant."); *see also In re marchFIRST*, 589 F.3d at 904 (holding that a breach of fiduciary duty claim did not constitute an ongoing wrong, and that the limitations period therefore commenced on the initial date of the alleged breach); *In re Nat'l Jockey Club*, 451 B.R. 825, 832 (Bankr. N.D. Ill. 2011) ("The continuing violation doctrine does not apply to Plaintiff's breach of fiduciary duty claim.").

Thus, Plaintiff's breach of fiduciary duty claim is time-barred. To hold otherwise would render the statute of limitations a nullity, as it would allow Plaintiff to extend the limitations period indefinitely simply by simply reiterating what she knew to be a doomed request for a token each year. As Plaintiff acknowledges, the only other count in her complaint – for injunctive relief – is based solely on her claim that Defendant breached its fiduciary duty by refusing to issue a token. (*See* Pl.'s Resp. Mot. Dismiss, Dkt. # 29 at 7) ("The injunctive relief claim arises from [Defendant's] refusal to issue a token, a claim found in the breach of fiduciary duty claim.") Accordingly, this claim is time-barred for the same reason her underlying breach of fiduciary duty claim is. Plaintiff's complaint contains on its face allegations conclusively showing that her claims are hopelessly time-barred, and is therefore dismissed with prejudice in its entirety.[2]

---

[2] Because the entire complaint is dismissed, it is unnecessary to address Defendant's alternate request that various allegations in the complaint be struck as irrelevant or scandalous.

## CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss [14] is granted. Civil case terminated.

SO ORDERED. ENTERED: August 26, 2015

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**